IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BARBARA TAYLOR, o/b/o, | ) | |
| DEBRA DISMUKES | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:04CV917-VPM |
| | ) | [WO] |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

This matter is before the court on Plaintiff's First Motion for Attorney Fees (Doc. # 24) pursuant to the Equal Access to Justice Act ["EAJA"]. 28 U.S.C. § 2412 (2004). The defendant ["Commissioner"] responded without objection (Doc. # 28). For the reasons stated herein, the motion is granted in part.

**DISCUSSION**

On 12 August 2005, the court entered an order reversing and remanding a final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) (2004) (Doc. # 23). Thus, the plaintiff is the prevailing party, and the court finds that the government's position was not substantially justified. In addition, the plaintiff's application for fees, which was filed within thirty days after the deadline for appealing the court's judgment, was timely. All that remains for the court to consider is the amount to award. 28 U.S.C. § 2412(d)

(2004).

### A.  *The Appropriate Hourly Rate*

The EAJA establishes a fee cap of $125 per hour, which the court may adjust upward to account for inflation or other "special factor[s]". *Id.* at § 2412(d)(2)(A). To determine the appropriate amount, courts in the Eleventh Circuit must engage in a two-step analysis. **Meyer v. Sullivan**, 958 F.2d 1029, 1033 (11th Cir. 1992). First, the court must determine whether "prevailing market rates for the kind and quality of the services furnished" exceeds the $125 cap. *Id.* If so, the court may determine whether an upward adjustment is necessary.

Plaintiff's counsel, Georgia H. Ludlum, Esq. ["Ludlum"], has submitted only a declaration contending that the hourly fee she is seeking ($147) is "within the range of customary fees charged in Montgomery, Alabama, for representing clients in this type of case" (Doc. # 26, p. 3). Without commenting on the sufficiency of this declaration as evidence of the prevailing market rate, the court takes judicial notice of opinions that have approved similar fees in this area for representing claimants in similar cases. *See*, *e.g.*, **East v. Barnhart**, 377 F. Supp. 2d 1170 (M.D. Ala. 2005) ($151.13); **Thornton v. Barnhart**, No. 03cv683 (M.D. Ala. May 3, 2005) ($191); **Ballard v. Barnhart**, 329 F. Supp. 2d 1278 (N.D. Ala. 2004) ($147.63). Therefore, the hourly fee sought is reasonable, inasmuch as it does not exceed the prevailing market rate in this area.

However, because the rate sought exceeds the EAJA fee cap, the court must next determine whether an upward adjustment is justified.

No special factors have been alleged, but the court finds that the increase in the cost of living since the EAJA was amended in 1996 to raise the fee cap to $125 merits an inflationary adjustment. In calculating the appropriate adjustment, however, the court must avoid imposing an impermissible interest charge on the United States. *See* **Library of Congress v. Shaw**, 478 U.S. 310, 106 S. Ct. 2957, 92 L. Ed. 2d 250 (1986) (discussing the no-interest rule); **Sorenson v. Mink**, 239 F.3d 1140, 1148-49 (9th Cir. 2001) (holding that the EAJA's allowance for an inflationary adjustment was not an express waiver of sovereign immunity from interest charges); **Kerin v. U.S. Postal Svc.**, 218 F.3d 185, 194 (2d Cir. 2000) (same); **Masonry Masters, Inc. v. Nelson**, 105 F.3d 708, 710-714 (D.C. Cir. 1997) (same); **Marcus v. Shalala**, 17 F.3d 1033, 1038-40 (7th Cir. 1994) (same); **Perales v. Casillas**, 950 F.2d 1066 (5th Cir. 1992); **Chiu v. U.S.**, 948 F.2d 711, 719-22 (Fed. Cir. 1991); *see also* **U.S. v. Aisenberg**, 358 F.3d 1327, 1346 n.28 (11th Cir. 2004).

The hourly fee the plaintiff, through Ludlum, has requested reflects a base rate of $125 per hour with an adjustment based on the Consumer Price Index ["CPI"] for All Urban Consumers in March 2003, though Ludlum did not begin representing the plaintiff until May 2003. (Doc. ## 25-1, p. 4; 26, p. 2). Ludlum fails to explain why the CPI for March 2003 is the appropriate basis for the inflationary adjustment. Moreover, the court concludes that while awarding fees based on the CPI in March 2003, which was 184.2 (Doc. # 25-2, p. 1), may not be considered inappropriate as an interest charge, it would be inappropriate nevertheless because the inflationary adjustment, and therefore the rate established for the fee award, would be based on a period of time preceding any services rendered by Ludlum.

*See*, *e.g.*, **Sorenson**, 239 F.3d at 1148-49.  The appropriate basis is the CPI for the month in which Ludlum began providing services, in this case May 2003, when the CPI was 183.5 (Doc. # 25-2, p. 1).  *See* **East**, 377 F. Supp. 2d at 1176-77 (concluding that the inflationary adjustment should be based on the CPI for the month in which counsel began accounting for his or her services in a particular case).

Applying the rationale adopted in **East** and utilizing the CPI for May 2003 as the basis for the inflationary adjustment, the fee cap of $125 should be increased by 17 %.  Thus, the appropriate hourly rate, adjusted for inflation, is $146.25.

B.   ***Ludlum's Schedule of Hours***

> Fee applicants must exercise what the Supreme Court has termed "billing judgment."  **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983).  That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel.*"  **Norman [v. Housing Auth. of Montgomery]**, 836 F.2d [1292,] 1301 (emphasis in original). . . .
>
> If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary."  Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.

**Am. Civil Liberties Union of Ga. v. Barnes**, 168 F.3d 423, 428 (11th Cir. 1999) (parallel citations omitted).

4

In support of the fee petition, Ludlum submitted a "Schedule of Hours" detailing the 25.5 hours she claims she spent on all of the tasks associated with this case. Ludlum's accounting demonstrates that her billing judgment is somewhat lacking.

The court finds that Ludlum's charge of .1 hours for the review of the following documents is somewhat excessive and should be reduced to .05 hours:

- court's standard scheduling order (Doc. # 3);

- one-sentence motion to remand (Doc. # 9-1);

- standard, one-page memorandum in support of the motion to remand (Doc. # 9-2);

- five-sentence order denying the motion to remand (Doc. # 11-1);

- three-sentence order granting defendant's motion to supplement the record (Doc. # 14);

- defendant's one-paragraph motion for an extension of time of which Ludlum had already been informed and to which Ludlum did not object (Doc. # 15);

- court's one-sentence order granting the defendant's motion for an extension of time (Doc. # 16); and

- court's two-sentence order granting plaintiff's motion for leave to file a reply brief (Doc. # 20).[1]

---

[1] The court reviewed all but one of the documents in less than two minutes each, and most of those in less than one minute. The court's standard scheduling order is considerably longer than the other documents, but, with the exception of the deadline established for the Commissioner to answer the complaint, this document is identical in every case of this type filed with this court. Ludlum states that "[o]ne of [her] primary areas of practice is Social Security law, rules and regulations" and that she has "participated as an

In addition, the court finds excessive Ludlum's charges for preparing a standard, three-sentence motion for leave to file a reply brief and filling in the blanks of a court-prepared form consent to the exercise of jurisdiction by a Magistrate Judge. These charges should be reduced from .2 hours to .1 hours and from .1 hours to .05 hours, respectively. Reduced in accordance with the court's findings, the total number of hours for which the court will award fees at the hourly rate of $146.25 is 24.85 for a total award of $3,634.31.

## CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of this court that the plaintiff's motion be GRANTED in the amount of $3,634.31.

DONE this 14th day of June, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

attorney of record in several cases involving litigation in Federal Court, including cases seeking judicial review of the denial of Social Security disability and/or Supplemental Security Income Benefits" (Doc. #26, p. 1). Her experience belies any notion that reviewing the standard scheduling order for the necessary information would have taken her more than three minutes. *See also **Depriest v. Massanari***, No. CA00-0535-BH-C, 2001 WL 530478 at 3-5 (S.D. Ala. 2001) (reducing numerous charges similar in nature to those before the court in the instant case).